IN THE UNITED STATES DISTRICT COURT

FOR THE Western_____ DISTRICT OF Arkansas___

_____ DIVISION

US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

JUL 2 6 2016

DOUGLAS F. YOUNG, Clerk
By
Deputy Clerk

| | |
|---|---|
| Craig Allen Blanchard MBA_____ <br> _____ <br> _____ <br><br>     **-against-** <br><br> Robert A. McDonald, Secretary, Department of <br> Veteran's Affairs, Agency <br><br> Kenneth Elser, US Attorney, Western District of <br> Arkansas <br><br> United States Attorney General <br><br> _____ <br> _____ | **Complaint for a Civil Case** <br><br> Case No. __16-5189 TLB__ <br><br> *(to be filled in by the Clerk's Office)* <br><br> Jury Trial:   ☑ Yes   ☐ No <br>                  *(check one)* |

I.    **The Parties to This Complaint**

A.    **The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

|  |  |
|---|---|
| Name | Craig Allen Blanchard MBA |
| Street Address | 5681 Hwy 16 |
| City and County | Elkins |
| State and Zip Code | AR  72727 |
| Telephone Number | |
| E-mail Address | |

B.    **The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  For an individual defendant, include the person's job or title (if known).  Attach additional pages if needed.

Defendant No. 1

|  |  |
|---|---|
| Name | Robert A. McDonald |
| Job or Title Agency | Secretary, US Department of Veteran's Affairs, |
| Street Address | 810 Vermont Avenue NW |
| City and County | Washington |
| State and Zip Code | DC  20420 |
| Telephone Number | |
| E-mail Address (if known) | |

Defendant No. 2

|  |  |
|---|---|
| Name | Kenneth Elser |
| Job or Title | US Attorney General, Western District of Arkansas |
| Street Address | 414 Parker Avenue |
| City and County | Fort Smith |
| State and Zip Code | AR  72901 |

|                       |                         |
|-----------------------|-------------------------|
| Telephone Number      | _____ |
| E-mail Address        | _____ |
| (if known)            |                         |

Defendant No. 3

|                       |                            |
|-----------------------|----------------------------|
| Name                  | Loretta Lynch_____ |
| Job or Title          | US Attorney General        |
| Street Address        | 950 Pennsylvania Avenue    |
| City and County       | Washington_____  |
| State and Zip Code    | DC  20530_____  |
| Telephone Number      | 202-514-2000_____  |
| E-mail Address        | _____    |
| (if known)            |                            |

Defendant No. 4

|                       |                         |
|-----------------------|-------------------------|
| Name                  | _____ |
| Job or Title          | _____ |
| (if known)            |                         |
| Street Address        | _____ |
| City and County       | _____ |
| State and Zip Code    | _____ |
| Telephone Number      | _____ |
| E-mail Address        | _____ |
| (if known)            |                         |

## II.   **Basis for Jurisdiction**

Federal courts are courts of limited jurisdiction (limited power).  Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case.  In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction?  *(check all that apply)*

☐X  Federal question          ☐  Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

**A.      If the Basis for Jurisdiction Is a Federal Question**

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

Title VII of the Civil Rights Act of 1964(Title VII), as amended, 42 U.S.C. – 2000e et seq. and Section 501 of the rehabilitation Act of 1973 (Rehabilitation Act), as amended, 29 U.S.C. – 791 et seq., EO 13160

**III.    Statement of Claim**

Write a short and plain statement of the claim.  Do not make legal arguments.  State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought.  State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if needed.

1.  Whether the United States Department of Veterans Affairs (herein after "Agency") subjected Complainant to discrimination on the basis of his disability (paraplegic) when the Agency failed to select Complainant for the Budget Analyst, February 23, 2012 GS-0560-09, vacancy number KT-12-584428-DLH.  Veteran's Health Care of the Ozarks, Fayetteville, AR.

2.  Whether the Agency subjected Complainant to discrimination and reprisal for prior EEO when the Agency failed to select Complaint for the position of Veterans Equitable Resource Allocation Program Analyst (herein after "VERA Program Specialist"), May 11, 2012, GS-343-07, target 11. Veteran's Health Care of the Ozarks, Fayetteville, AR.

## IV.    Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order.  Do not make legal arguments.  Include any basis for claiming that the wrongs alleged are continuing at the present time.  Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts.  Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

_ Complainant seeks compensatory damages for damage to reputation, emotional suffering and stress sustained as a result of the discriminatory actions taken against him by the Agency management. Furthermore, Complainant seeks lost wages and acknowledgement of the commendable teachers and counselors whom provided my education. Finally, Complainant seeks reasonable attorneys' fees incurred.

Reputation: $250,000.00

Emotional suffering/lost relationship: $250,000.00

Lost wages/attorney fees($30,000.00 approximate)/IRS penalties: $250,000.00

Education Credibility: $250,000.00

## V.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: _7/25_ , 20_16_

Signature of Plaintiff

Printed Name of Plaintiff _Craig Allen Blanchard MBA_

**B.**    **For Attorneys**

Date of signing: _____, 20__.

Signature of Attorney          _____

Printed Name of Attorney       _____

Bar Number                     _____

Name of Law Firm               _____

Address                        _____

Telephone Number               _____

E-mail Address                 _____

Complainant App. #1

Applicant #3

Selected App #2

? B 3 budget
= Budget
Specialist

Discriminate?

? Store 10 Point Scale ?

239

| BUDGET ANALYST SCORING RESULTS FOR VACANCY # KT-12-DMI-0032650 | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | PB 1 | PB 2 | PB 3 | PB 4 | PB 5 | PB 6 | BS 7 | BS 8 | BS 9 | |
| | | | | | | | | | | |
| Interviewer: | | | | | | | | | | |
| BILL OLIVER | 4 | 4 | 6 | 5 | 5 | 4 | 5 | 0 | 6 | 39 |
| BIRCH WRIGHT | 5 | 6 | 5 | 3 | 4 | 4 | 6 | 1 | 6 | 40 |
| AVON HAURY | 3 | 5 | 3 | 5 | 4 | 5 | 2 | 0 | 1 | 28 |
| | | | | | | | | | | 107 |
| | | | | | | | | | | |
| Interviewer: | | | | | | | | | | |
| BILL OLIVER | 8 | 7 | 5 | 6 | 8 | 7 | 9 | 8 | 12 | 70 |
| BIRCH WRIGHT | 6 | 4 | 6 | 6 | 6 | 5 | 9 | 9 | 12 | 63 |
| AVON HAURY | 8 | 8 | 6 | 4 | 6 | 6 | 7 | 8 | 8 | 61 |
| | | | | | | | | | | 194 |
| | | | | | | | | | | |
| Interviewer: | | | | | | | | | | |
| BILL OLIVER | 9 | 10 | 10 | 8 | 9 | 10 | 12 | 7 | 10 | 85 |
| BIRCH WRIGHT | 7 | 8 | 8 | 7 | 6 | 9 | 9 | 7 | 8 | 69 |
| AVON HAURY | 8 | 7 | 5 | 8 | 6 | 9 | 10 | 9 | 5 | 67 |
| | | | | | | | | | | 221 |
| Totals: | | | | | | | | | | |

VERA Program Analyst Position Vacancy RY-13-835389

| Applicant # | Score 1 | Score 2 | Score 3 | Total |
|---|---|---|---|---|
| 1 Selectee | 74 | 74 | 73 | 221 |
| 2 | 58 | 54 | 57.5 | 169.5 |
| 3 | 57.5 | 56 | 56 | 169.5 |
| 4 | 57 | 56 | 54 | 167 |
| 5 | 56 | 56 | 53 | 165 |
| 6 | 44 | 44 | 45 | 133 |
| Craig Blanchard #7 | 40 | 40 | 40.5 | 120.5 |
| 8 | 37 | 41.5 | 38 | 116.5 |

Retaliation

15

UNITED STATES OF AMERICA
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
ST. LOUIS DISTRICT OFFICE

| | |
|---|---|
| CRAIG BLANCHARD, )<br><br>COMPLAINANT, )<br><br>v. )<br><br>ERIC K. SHINSEKI, SECRETARY )<br>DEPARTMENT OF VETERANS )<br>AFFAIRS, )<br><br>RESPONDENT/AGENCY. ) | EEOC No.: 490-2013-00049X<br><br>Administrative Judge: Kendra Howard<br><br>Agency No.: 2003-0564-2012102228<br><br>Date:   December 9, 2013 |

## COMPLAINANT'S RESPONSE TO AGENCY'S MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE MOTION FOR DECISION WITHOUT A HEARING

COMES NOW Complainant, Mr. Craig Blanchard, by and through his undersigned counsel, and hereby files Complainant's Response to Agency's Motion For Summary Judgment Or In The Alternative Motion For Decision Without A Hearing. Pursuant to 29 C.F.R. § 1614.109(g), Complainant hereby submits this response demonstrating why the Agency's Motion should be denied. In support thereof, Complainant states as follows:

## STATEMENT OF THE ISSUES

1. Whether the United States Department of Veterans Affairs (herein after "Agency") subjected Complainant to discrimination on the basis of his disability (paraplegic) when the Agency failed to select Complainant for the Budget Analyst, GS-0560-09, vacancy number KT-12-584428-DLH.

2. Whether the Agency subjected Complainant to discrimination and reprisal for prior EEO when the Agency failed to select Complaint for the position of Veterans Equitable Resource Allocation Program Analyst (herein after "VERA Program Specialist"), GS-343-07, target 11.

## RESPONSE TO AGENCY'S STATEMENT OF UNDISPUTED MATERIAL FACTS

1. Complainant held the position of Lead Accounts Receivable Technician and was employed as an Accounting Technician GS-0525-07 from April 2010 to July 2013. (ROI page 2.) Complainant was not employed as GS-0520-09.

2. Complainant has a Master's in Business Administration, not Accounting.

## COMPLAINANT'S SUPPLEMENTAL STATEMENT OF MATERIAL FACTS

1. Due to a car accident on July 16, 1989, Complainant is an incomplete paraplegic and uses either a wheelchair or crutches for mobility. (ROI Hernandez page 2).

2. Complainant began his federal service at the Agency in Fayetteville, Arkansas in June 1997 as a Program Support Assistant and remained in that position until 2002. (*See* ROI Sub-Tab C8).

3. From 2002 to April 2010, Complainant held the position of Lead Accounts Receivable Technician. (*See* ROI Sub-Tab C8).

4. Complainant was employed as an Accounting Technician GS-0525-07 from April 2010 to July 2013. (*See* ROI Sub-Tab C8).

5. In 2008, Complaint received a Master's Degree in Business Administration with a grade point average of 4.0. (ROI Hernandez Sub-Tab C8 page 194).

6. Complainant's first-line supervisor was Anthony Cox (ROI Blanchard Sub-Tab B1 page 64-5).

7.  Complainant's second-line supervisor was Birch Wright. (ROI Blanchard Sub-Tab B1 page 64-5).

8.  In 2009 and 2010, Complaint's supervisor Michael Gray gave overall ratings of excellent for Complainant's job performance. (*See* ROI Hernandez Sub-Tab C9).

9.  After a change in the organization, Complaint's supervisor in 2011, Anthony Cox, gave an overall rating of fully successful for Complaint's job performance. (*See* ROI Hernandez Sub-Tab C9).

10. However, Complaint had an increase in productivity and had received awards. (*See* ROI Sub-Tab C8, C9).

11. In or around February 2012, Complainant applied for a Budget Analyst position, GS-9/11, at his current Agency facility in Arkansas. (ROI Blanchard Sub-Tab B1 page 69).

12. Complainant was selected for an interview, along with two other individuals, Melissa Couqett and Gayla Crow. (ROI Wright Sub-Tab B2 page 93).

13. The selecting official for the position was Birch Wright. (ROI Wright Sub-Tab B2 page 90).

14. Prior to the selecting official making his final decision, there was a panel composed of Birch Wright, Avon Haury, and Bill Oliver, responsible for forwarding candidates to the selecting official. (ROI Wright Sub-Tab B2 page 92).

15. The office for the Budget Analyst position is located on the third floor of the building. (ROI Blanchard Sub-Tab B1 page 74).

16. The third floor of the building is not wheelchair accessible, though approximately five hundred thousand dollars ($500,000) has recently been spent renovating the building. (ROI Wright Sub-Tab B2 page 99).

3

17. Complainant was selected for an interview for the Budget Analyst position. (ROI Blanchard Sub-Tab B1 page 70).

18. During his interview, Complainant was asked questions relating to the budget book or GAO Red Book, though he was unable to answer them. (ROI Blanchard Sub-Tab B1 page 72).

19. Complainant was not given any exposure to the GAO Red Book while working for the Agency. (ROI Blanchard Sub-Tab B1 page 72).

20. Complainant contends that he never stated that, "he had not actually performed those functions." (ROI Haury Sub-Tab B3 page 111).

21. Melissa Couqett also has a Master's Degree with a grade point average of 3.72, has a disability, and was not selected for the position. (ROI Hernandez Sub-Tab C12 page 231).

22. Gayla Crow was ultimately selected for the position. (ROI Wright Sub-Tab B2 page 92).

23. Gayla Crow was a co-worker of Complainant and was employed at the same position and grade, an Accounting Technician GS-7. (*See* ROI Sub-Tab C10).

24. Gayla Crow has not completed her degree program and had the cumulative grade point average of 2.714. (*See* ROI Sub-Tab C10).

25. When the Complainant asked Gayla Crow as to her knowledge of the GAO Red Book, she stated that she was unfamiliar with it. (ROI Blanchard Sub-Tab B8 page 166).

26. After Complainant received notification that he was not selected for the Budget Analyst Position, he met with the selecting official Birch Wright. (ROI Wright Sub-Tab B2 page 94).

27. When Complainant inquired as to why he was not selected, Birch Wright stated that he used the same example regarding a new program he developed to answer too many of the questions. (ROI Wright Sub-Tab B2 page 94-5).

28. Mr. Wright also stated that the Complainant did not answer budget related questions, did not write down questions, did not answer all of the questions, and did not relay the same information regarding budget related questions in his interview that he had conveyed in his application and questionnaire for the position. They focused on his inability to answer questions about the GAO Red Book. Id.

29. The selectee for the Budget Analyst position currently works on the third floor of a building that is not wheelchair-accessible. (ROI Blanchard Sub-Tab B8 page 166).

30. Complainant contacted an EEO Counselor on March 15, 2012. (ROI Hernandez page 1).

31. On April 15 2012, Complainant applied for the position VERA Program Analyst, GS-043-07. (ROI Blanchard Sub-Tab B1 page 77).

32. Complainant was interviewed for the position by the selecting official Rochelle Jones, and the two panel members, Loretta Allen and Sara McCoy in or around May 2012. (ROI Jones Sub-Tab B5 page 137-8).

33. The selected applicant for the position VERA Program Analyst has an Associate's Degree in Science and has no known disability or prior EEO activity. (ROI Hernandez Sub-Tab C30 page 373).

34. Applicant #2 for the position VERA Program Analyst does not have a college degree and has no known disability or prior EEO activity. (ROI Hernandez Sub-Tab C35 page 330, Sub-Tab C32 page 388).

35. Applicant #3 for the position VERA Program Analyst has a Bachelor's Degree and has no known disability or prior EEO activity. (ROI Hernandez Sub-Tab C35 page 330, Sub-Tab C32 page 406).

36. Applicant #4 for the position VERA Program Analyst has an MBA in healthcare and has no known disability or prior EEO activity. (ROI Hernandez Sub-Tab C35 page 330, Sub-Tab C32 page 435).

37. Applicant #5 for the position VERA Program Analyst has a Bachelor's Degree in Health Information Management and has no known disability or prior EEO activity. (ROI Hernandez Sub-Tab C35 page 330, Sub-Tab C32 page 388).

38. Applicant #6 for the position VERA Program Analyst has a Bachelor's degree in history and has no known disability or prior EEO activity. (ROI Hernandez Sub-Tab C35 page 330, Sub-Tab C32 page 442).

39. Applicant #8 for the position VERA Program Analyst does not have a college degree and has no known disability or prior EEO activity. (ROI Hernandez Sub-Tab C35 page 330, Sub-Tab C32 page 459).

40. Applicant #7 for the position VERA Program Analyst was the Complainant. (ROI Hernandez Sub-Tab C35 page 330)

## ARGUMENT AND CITATION TO AUTHORITY

### A. Standard of Review for Summary Judgment

The Federal Rules of Civil Procedure provide that a party is entitled to summary judgment where "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). Pursuant to 29 C.F.R. Section 1614.109(g)(1), a party may file a motion for summary judgment if that party believes that some

or all material facts are not in dispute and there are no genuine credibility issues. An administrative judge may issue summary judgment on his or her own initiative, according to 29 C.F.R. Section 1614.109(g)(3).

The party seeking summary judgment always bears the initial responsibility of informing the court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Material facts are those that might affect the outcome of the suit under the governing, substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). An issue of fact is "genuine" if the evidence is such that a reasonable fact finder could find in favor of the non-moving party. Celotex Corp., 477 U.S. at 322-23 (1986).

To defeat a motion for summary judgment, the opposing party must establish the existence of a genuine issue of fact with respect to the essential elements of its case. Anderson, 477 U.S. at 248; Celotex Corp., 477 U.S. at 323. To meet this burden, the non-moving party must come forward with "specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). The non-moving party may present any of the types of evidence described in Rule 56(c) of the Federal Rules of Civil Procedure to present a proper challenge to the motion. Celotex Corp., 477 U.S. at 324.

When faced with a motion for summary judgment and a response in opposition, the judge's function is not to weigh the evidence and determine the truth of the matter, but rather, to determine whether there is a genuine issue for trial. Anderson, 477 U.S. at 249. In evaluating the evidence to determine whether there is a genuine issue of fact, the court must draw all

inferences supported by the evidence in favor of the non-moving party. U.S. v. Diebold, Inc., 369 U.S. 654, 655 (1962); Guidroz–Brault v. Mo. Pac. R.R. Co., 254 F.3d 825, 829 (9th Cir. 2001). The Commission has noted that when a party submits an affidavit and credibility is at issue, "there is a need for strident cross-examination and summary judgment on such evidence is improper." Pedersen v. Department of Justice, EEOC Request No. 05940339 (February 24, 1995). In an administrative proceeding, an administrative judge may order summary judgment only upon a determination that the record has been adequately developed for summary disposition. Harvey, EEOC Appeal No. 01A50365. "Truncation of this process, while material facts are still in dispute and the credibility of witnesses is still ripe for challenge, improperly deprives complainant of a full and fair investigation of her claims." Mi S. Bang v. United States Postal Service, EEOC Appeal No. 01961575 (March 26, 1998); See also Peavley v. United States Postal Service, EEOC Request No. 05950628 (October 31, 1996); Chronister v. United States Postal Service, EEOC Request No. 05940578 (April 23, 1995). The hearing process is intended to be an extension of the investigative process, designed to "ensure that the parties have a fair and reasonable opportunity to explain and supplement the record and to examine and cross-examine witnesses." See 29 C.F.R. § 1614.109(d) and (e); see also EEOC Management Directive (MD) 110, November 9, 1999, Chapter 6, page 6-1.

In White v. Baxter Healthcare Corp., 533 F. 3d 381 (6th Cir. 2008), the plaintiff appealed a grant of summary judgment in favor of the defendant. The plaintiff alleged the defendant discriminated against the plaintiff when the defendant (1) failed to promote him, and (2) downgraded his 2004 performance evaluation. White, 533 F. 3d at 381. The Sixth Circuit held that:

> [A]ny evaluation of White's interview performance is an inherently subjective determination, and thus easily susceptible to manipulation in order to mask the

interviewer's true reasons for making the promotion decision. Indeed, since the very issue in dispute is whether the reasons given by these interviewers for their decision should be believed, it would be highly inappropriate for us to assume, as Judge Gilman does, that their own subjective perceptions of White were accurate.

In the instant matter, several credibility and factual disputes remain, and the principals of fairness and due process clearly establish that this matter cannot be decided based on the basis of the present record alone. As such, it will be necessary for the Commission to adjudge the credibility of witnesses in this case through the presentation of live testimony.

Additionally, issuance of a decision without a hearing would be inappropriate in this matter because a variety of material, factual issues remain contested, and resolution of these factual matters will likely be accomplished only through examination at hearing. The evidence of record clearly demonstrates that Complainant and the Agency have put forward conflicting versions of the facts concerning relevant events contributing to the filing of Complainant's Formal Complaints of Discrimination. Therefore, the credibility of the various witnesses will likely be determinative for the adjudication of Complainant's claims. A full and fair adjudication of Complainant's claims of discrimination can only be accomplished in the form of a hearing, and thus, the Agency's Motion For Summary Judgment Or In The Alternative Motion For Decision Without A Hearing should be denied.

> **1. When all the evidence is viewed in a light most favorable to Complainant and all reasonable inferences are made in his favor, genuine issues of material fact exist regarding the Agency's legitimate, nondiscriminatory reasons and the presence of pretext.**

To establish a *prima facie* case of failure to promote, complainant must show: (1) he is a member of a protected class; (2) he was qualified and applied for the position; (3) he suffered an adverse employment action; and (4) an equally or less qualified employee who was not a member of the protected class was promoted. Combs v. Plantation Patterns, 106 F.3d 1519,

9

1539 (11th Cir. 1997); Springer v. Convergys Customer Mgmt. Grp., Inc., 509 F.3d 1344, 1349 (11th Cir. 2007).

In the case of a nonselection, the Commission utilizes the comparative qualification standard to determine whether a selection was discriminatory. Ash v. Tyson FoodsInc., 190 Fed. Appx. 924. The comparative qualifications standard provides that disparities in qualifications must be of such weight and significance that no reasonable person, in the exercise of impartial judgment, could have chosen the candidate selected over complainant for the job in question. Id. The specific qualifications considered may include experience, education, skills, and other relevant factors that suggest a significant disparity exists between the complainant's qualifications and those of the selected candidate. Turner v. Georgia Secretary of State, WL 262579 (M.D. Ga. 2012).

The burden then shifts to the Agency to articulate legitimate nondiscriminatory reasons for complainant's nonselection. To ultimately prevail, complainant must prove, by a preponderance of the evidence, that the agency's explanation is pretext for discrimination. St. Mary's Honor Center v. Hicks, 509 U.S. 502, 519 (1993). Pretext may be found when a complainant's qualifications are demonstrably superior to the selectee. The Eleventh Circuit has stated that the disparity in qualifications should be "so apparent as virtually to jump off the page and slap you in the face." Ash v. Tyson Foods, Inc., 546 U.S. 454, 456–457, 126 S.Ct. 1195, 163 L.Ed.2d 1053 (2006). However, in Ash, the Supreme Court reversed the Eleventh Circuit concluding that "[t]he visual image of words jumping off the page to slap you (presumably a court) in the face is unhelpful and imprecise as an elaboration of the standard for inferring pretext from superior qualifications." Id.

10

Pretext may be established "either directly by persuading the [trier of fact] that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." Texas Dept. of Commun. Affairs v. Burdine, 450 U.S. 248, 256 (1981). A complainant may demonstrate pretext by showing that the agency's stated reason either (1) has no basis in fact, (2) was not the actual reason, or (3) is insufficient to explain the employer's action. See Imwalle v. Reliance Med. Prods., Inc., 515 F.3d 531, 545 (6th Cir. 2008). A complaint may also demonstrate pretext by offering evidence which challenges the reasonableness of the employer's decision "to the extent that such an inquiry sheds light on whether the employer's proffered reason for the employment action was its actual motivation." Wexler v. White's Fine Furniture, Inc., 317 F.3d 564, 578 (6th Cir.2003) (en banc); see also Burdine, 450 U.S. at 259.

In seeking to show that a decision without a hearing would be appropriate in this matter, the Agency does not dispute that Complainant has established a *prima facie* case of discrimination. The Agency justifies the selection of Gayla Crow by relying on the subjective interview scoring matrix completed by the Responsible Management Officials (herein after "RMO") Avon Haury, Bill Oliver and Birch Wright. However subjective factors "are more susceptible of abuse and more likely to mask pretext." See Goosby v. Johnson & Johnson Med., Inc., 228 F.3d 313, 320 (3d Cir. 2000).

When Complainant requested feedback on his interview performance from the selecting official, the selecting official focused on his inability to answer questions in relation to the GAO Red Book. (ROI Wright Sub-Tab B2 page 94-5). The Agency contends that the selected candidate had superior knowledge of the GAO Red Book. However, when Complainant asked

11

Gayla Crow as to her knowledge of the GAO Red Book, she stated that she was unfamiliar with it. (ROI Blanchard Sub-Tab B8 page 166).

During his time at the Agency Complainant was not given any exposure to the GAO Red book while working for the Agency. (ROI Blanchard Sub-Tab B1 page 72). As Ms. Crow was working in the same position as Complainant, it is unknown how she became familiar with the GAO Red book. The position description makes no mention of the GAO Red book, nor does it list familiarity with the GAO Red book as qualification. (*See* ROI Sub-Tab C-7).

The Agency states that Mr. Wright relied on his evaluation of the candidates work product when making his selection. However, Complainant has contended that the selecting official has shown favoritism in the past towards the selected candidate, even going as far as to allow Ms. Crow to present the program developed. (ROI Blanchard Sub-Tab A9 page 26). However, Mr. Wright failed to credit Complainant for developing a program that had greatly increased the daily efficiency within his office. Id. Further, Mr. Wright's claims are in conflict with Complainant's performance appraisals. (*See* ROI Sub-Tab C9). The importance the selecting official placed on his evaluations of the candidates' work product is unknown as it is absent from the Scoring Results for the Budget Analyst position. (*See* ROI Sub-Tab C15)

The Agency attempts to disregard Complainant's exemplary educational history by stating that there are no positive education requirements for the Budget Analyst position. However, Mr. Wright admits that the applicant's resumes and application packages were considered during the decision making process. (ROI Wright Sub-Tab B2 pages 93-4). The importance the selecting official placed on the evaluation of the candidates' application packages, prior work experience, and education is unknown as it is absent from the Scoring Results for the Budget Analyst position. (*See* ROI Sub-Tab C15).

Complaint has a Master's in Business Administration with a 4.0 GPA. He has successfully completed his Undergraduate program, something the selected candidate had failed to do. Furthermore, the selected candidate had a cumulative GPA of 2.714. (ROI Crow Sub-Tab C10 page 221). Complainant had gained the same experience as the selected candidate working the in same position as her. Furthermore his performance evaluation indicates that his performance was 'excellent.' (*See* ROI Sub-Tab C9). The disparities in qualifications between Complainant and the selected candidate are so significance, no reasonable person, in the exercise of impartial judgment, could have chosen the candidate selected over complainant for the job in question.

Finally, The Agency contends that because the Budget Analyst position does not require the employee to work on the third floor, it is irrelevant that the third floor is not wheelchair-accessible. However, the selected candidate currently works on the third floor. (ROI Blanchard Sub-Tab B8 page 166). It is not Complainant's contention that the Agency could not provide a reasonably accommodation, but that they did not want to provide him with a reasonable accommodation.

As the selection process was pervasively subjective, and thus easily susceptible to manipulation in order to mask the interviewer's true reasons for making the promotion decision, the selecting official has shown a history of showing favoritism to the selected candidate over Complainant, the position is located in a location not accusable to a wheelchair, Complainant has qualifications that far exceed those of the selected candidate, and the very issue in dispute is whether the reasons given by these interviewers for their decision should be believed, Complainant respectfully requests that the Agency's Motion For Summary Judgment Or In The Alternative Motion For Decision Without A Hearing should be denied.

13

**2. When evidence is viewed in a light most favorable to Complainant, and all reasonable inferences are made in her favor, genuine issues of material fact exist regarding Complainant's *prima facie* case of discrimination on the basis of reprisal.**

In the instant matter, Complainant has successfully stated a *prima facie* case of reprisal discrimination.  A complainant can establish a *prima facie* case of reprisal discrimination by showing that (1) s/he engaged in a prior protected activity; (2) the official acting on behalf of the agency was aware of the protected activity; (3) s/he was subjected to adverse treatment by the agency; and (4) a nexus or causal connection exists between the protected activity and the adverse treatment at issue.  Whitmire v. Department of the Air Force, EEOC Appeal No. 01A00340 (September 25, 2000); Shapiro v. Social Security Admin., EEOC Request No. 05960403 (December 6, 1996).

In its Motion for Summary Judgment, the Agency does not dispute that Complainant has engaged in protected activity.  When Complainant was asked why he believes he was not selected for the VERA Program Coordinator position due to reprisal, it was his understanding that he was being asked for direct evidence.  It is the Complainant's contention that was Mr. Wright was aware of the complaint filed against him, and Mr. Wright had a close relationship with Ms Sara McCoy, Ms. Loretta Allen and Ms. Rochelle Jones. The interviewing panel for the VERA position was composed of Ms. McCoy, Ms. Allen and Ms. Jones. Complainant contends the Mr. Wright influenced the interview panel because of his prior EEO activity.

With regard to the requirement that Complainant show that he was subjected to adverse action, it is apparent that all claims contained in Complainant's Formal Complaint satisfy this requirement.  Because Complainant cites retaliation as the basis for his claims, any action likely to dissuade an employee from participating in the EEO process will suffice for the purposes of

14

satisfying the adverse conduct requirement.  *See* <u>Burlington Northern and Santa Fe Railway Co.</u> <u>v. White</u>, 548 U.S. 53 (2006).

Finally, a nexus of causation exists between the Agency's conduct and the protected activity of the Complainant.  The Commission has long held that a nexus may be established if the events occurred within one year of each other.  *See* <u>Patton v. Department of the Navy</u>, EEOC Doc. 05950124 (June 27, 1996) (finding that the Commission has long held that a nexus can exist even if the events occurred as far as one year apart).

### CONCLUSION

For the foregoing reasons, Complainant respectfully requests that the Agency's Motion for Findings of Fact and Conclusions of Law Without a Hearing be DENIED in whole.

Respectfully submitted 9th day of December, 2013.

MELVILLE JOHNSON, P.C.

John Durishan
New York Bar

22 Seventh Street, NE
Atlanta, Georgia 30308
(404) 724-0000 - voice
(404) 724-0040 – facsimile
jdurishan@melvillejohnson.com

UNITED STATES OF AMERICA
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
ST. LOUIS DISTRICT OFFICE

| | | |
|---|---|---|
| CRAIG BLANCHARD, | ) | |
| | ) | EEOC No.: 490-2013-00049X |
| COMPLAINANT, | ) | |
| | ) | Administrative Judge: Kendra Howard |
| v. | ) | |
| | ) | Agency No.: 2003-0564-2012102228 |
| ERIC K. SHINSEKI, SECRETARY | ) | |
| DEPARTMENT OF VETERANS | ) | Date:   December 9, 2013 |
| AFFAIRS, | ) | |
| | ) | |
| RESPONDENT/AGENCY. | ) | |
| | ) | |

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 9th day of December, 20123, I served the foregoing Complainant's Response to Agency's Motion For Summary Judgment Or In The Alternative Motion For Decision Without A Hearing by causing a copy of same to be sent to the following:

**VIA FACSIMILE AND FIRST CLASS MAIL**
Hon. Kendra R. Howard
St. Louis District Office
Equal Employment Opportunity Commission
Robert A. Young Building
1222 Spruce Street, Room 8.100
St. Louis MO 63103
**Facsimile: (314) 539-7894**

**VIA ELECTRONIC MAIL AND FIRST CLASS MAIL**
Lynne Ravellette, Esq.
Veterans Affairs
Office of Regional Counsel, Region 8
2200 Fort Roots Drive, Bldg 5
North Little Rock, AR 72114
**Electronic Mail: Lynne.ravellette@va.gov**

Respectfully Submitted.

**MELVILLE JOHNSON, P.C.**

John Durishan
New York Bar

22 Seventh Street, NE
Atlanta, Georgia 30308
(404) 724-0000 - voice
(404) 724-0040 – facsimile
jdurishan@melvillejohnson.com

*[Handwritten notes at top:]* His Andrew N Curry Self?
$30,000 and no Litigation!
w/ Mellville? No Pro Bono

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Office of Federal Operations
P.O. Box 77960
Washington, DC 20013

*[Handwritten:]* No Pro Bono
this is a Business

*[Handwritten left margin:]* 7/15 10:38
✶ Shawn Yancey ✶✶
404 724 0000
7/18 – No Contingency
Case (Closed with)
c/m
Melville
7/13/16
– Scott – 7/15/16

Craig Blanchard, a/k/a,
Bennett W.,[1]
Complainant,

v.

Robert McDonald,
Secretary,
Department of Veterans Affairs,
Agency.

Appeal No. 0120141463

Hearing No. 490-2013-00049X

Agency No. 2003-0564-2012102223

<u>DECISION</u>

The Commission accepts Complainant's appeal from the February 21, 2014 final Agency decision (FAD) concerning his equal employment opportunity (EEO) complaint alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. § 2000e et seq. and Section 501 of the Rehabilitation Act of 1973 (Rehabilitation Act), as amended, 29 U.S.C. § 791 et seq. The Commission's review is <u>de novo</u>. For the following reasons, the Commission AFFIRMS the FAD.

<u>BACKGROUND</u>

At the time of events giving rise to this complaint, Complainant worked as an Accounting Technician at the Agency's VA Medical Center in Fayetteville, Arkansas. Complainant is an incomplete paraplegic and uses either a wheelchair or crutches for mobility. Complainant entered duty with the Agency in June 1997. In February 2012, Complainant applied for a Budget Analyst position advertised under Vacancy Announcement No. KT-12-534423-DLM. Complainant and two other candidates were deemed qualified and interviewed by a three-person selection panel, including the selecting official (SO-1). All three candidates were asked the same performance-based interview questions and were scored and ranked based on their responses. Complainant was ultimately ranked third and was not selected by SO-1.

*[Handwritten right margin:]* Justis

---

[1] This case has been randomly assigned a pseudonym which will replace Complainant's name when the decision is published to non-parties and the Commission's website.

2                                                        0120141468

On April 15, 2012, Complainant applied for the Veterans Equitable Resource Allocation (VERA) Program Analyst position advertised under Vacancy Announcement No. KT-12-633392-KRP. Complainant was one of eight applicants interviewed for the position by a three-person selection panel, including the selecting official (SO-2). All applicants were asked the same performance-based interview questions and ranked based on their responses. Complainant was ranked seventh out of the eight applicants and was not selected by SO-2.

On April 27, 2012, Complainant filed a formal complaint alleging that the Agency discriminated against him on the bases of disability and in reprisal for prior protected EEO activity when:

1. On February 23, 2012, he was not selected for the position of Budget Analyst under Vacancy Announcement No. KT-12-534423-DLM; and

2. On May 11, 2012, he was not selected for the position of Program Analyst (VERA Program Specialist), under Vacancy Announcement No. KT-12-633392-KRP.[2]

At the conclusion of the investigation of the complaint, the Agency provided Complainant with a copy of the report of investigation (ROI) and notice of his right to request a hearing before an Equal Employment Opportunity Commission Administrative Judge (AJ). Complainant timely requested a hearing, but subsequently withdrew his request. Consequently, the Agency issued a FAD pursuant to 29 C.F.R. § 1614.110(b).

In the FAD, the Agency determined that management articulated legitimate, nondiscriminatory reasons for its actions. Specifically, as to claim (1), SO-1 stated that he selected Selectee 1 because she was the highest scoring applicant. SO-1 explained that he rated Selectee 1's interview higher than Complainant's because she gave answers to each question, she was prepared for the interview, she was able to articulate her relevant experience to the position, and she chose a variety of examples to illustrate her experience. In addition, Selectee 1 demonstrated knowledge of basic appropriations law. In contrast, Complainant failed to answer all of the interview questions, he was not able to articulate his experience relative to the position as well as the selectee, and he relied on the same examples for each question. SO-1 added that Complainant did not provide an answer for six questions and did not demonstrate that he had knowledge of basic appropriations law. Two selection panelists corroborated that Selectee 1 performed better during her interview than Complainant, as Complainant failed to completely answer interview questions and provide examples detailing his experience. As a result, SO-1 selected Selectee 1.

_____

[2] The Agency dismissed two additional claims for untimely EEO counselor contact. Complainant did not challenge these dismissals on appeal; therefore, the Commission will not address them in this decision.

3                                                    0120141468

Regarding claim (2), SO-2 stated that there were a total of eight applicants for the position and Complainant scored second to last. SO-2 explained that Complainant was not the best qualified candidate for selection because he did not answer the interview questions completely and he did not demonstrate the requisite knowledge related to medical coding, data analytics and the VERA Program as a whole. Two selection panelists confirmed that Complainant did not show that he had real knowledge of what the position entailed and he did not have experience in the position. On the contrary, Selectee 2 answered the interview questions accurately and demonstrated a deep insight into the qualifications of the VERA Program Analyst position.

In attempting to establish that management's reasons for its actions were pretextual, Complainant argued that his application package was superior to that of Selectee 1, specifically noting that he has a Master's degree in Business Administration with a 4.00 grade point average, while Selectee 1 has undergraduate course work with a 2.3 grade point average. The Agency noted that Human Resources personnel initially screened the application packages and referred Selectee 1 for further consideration after determining that Selectee 1 met the requirements for the position. Thus, Selectee 1's education or lack thereof did not disqualify her from consideration as the position did not require a college degree. Consequently, the Agency was not persuaded that Complainant was better qualified than Selectee 1.

Furthermore, Complainant argued that Selectee 1 did not have superior knowledge of the Government Accounting Office (GAO) "red book" and that when he asked her about her knowledge of the red book, she stated that she had difficulty answering questions about it. The Agency found that even assuming that Selectee 1 told Complainant she had difficulty with the GAO red book question, the record reveals that she did answer the question and demonstrated some familiarity with it as opposed to Complainant who acknowledged that he was not familiar with it.

Finally, Complainant argued that SO-2 had a history of showing favoritism to Selectee 2, and that he believes that SO-2 pre-selected Selectee 2. The Agency determined that the evidence did not provide a rational basis for the Complainant's belief that Selectee 2 was pre-selected. Moreover, the Agency noted that pre-selection, in and of itself does not establish pretext. As a result, the Agency concluded that Complainant failed to show that management's reasons for its actions were pretextual. As a result, the Agency found that Complainant had not been subjected to discrimination or reprisal as alleged. The instant appeal followed.

## CONTENTIONS ON APPEAL

On appeal, Complainant argues that the Agency relied on subjective determinations from his interview and ignored that his application demonstrated more familiarity with the requirements described in the vacancy announcement and the position description. Additionally, Complainant claims that he was only one of two applicants for the position at issue in claim (2) with a Master's degree and that he had demonstrably more experience working with the Agency and its programs. Accordingly, Complainant requests that the Commission reverse the FAD.

## ANALYSIS AND FINDINGS

*Disparate Treatment*

In analyzing a disparate treatment claim under the Rehabilitation Act, where the Agency denies that its decisions were motivated by Complainant's disability and there is no direct evidence of discrimination, the Commission applies the burden-shifting method of proof set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). *See* Heyman v. Queens Village Comm. for Mental Health for Jamaica Cmty. Adolescent Program, 198 F.3d 68 (2d Cir. 1999); Swanks v. WMATA, 179 F.3d 929, 933-34 (D.C.Cir. 1999). Under this analysis, in order to establish a prima facie case of disability, Complainant must demonstrate that: (1) he is an "individual with a disability;" (2) he is "qualified" for the position held or desired; (3) he was subjected to an adverse employment action; and (4) the circumstances surrounding the adverse action give rise to an inference of discrimination. Lawson v. CSX Transp., Inc., 245 F.3d 916 (7th Cir. 2001).

To establish a prima facie case of reprisal, Complainant must show that (1) he engaged in protected EEO activity; (2) the Agency was aware of the protected activity; (3) subsequently, he was subjected to adverse treatment by the Agency; and (4) a nexus exists between his protected activity and the adverse treatment. Whitmire v. Dep't of the Air Force, EEOC Appeal No. 01A00340 (Sept. 25, 2000).

In the instant case, the Commission shall assume arguendo that Complainant is a qualified individual with a disability and otherwise established a prima facie case of discrimination and reprisal. The Commission finds that the Agency articulated legitimate, nondiscriminatory reasons for not selecting Complainant for the positions at issue. Specifically, as to claim (1), SO-1 affirmed Selectee 1's application package and her interview demonstrated that she was the highest-rated candidate. SO-1 explained that Selectee 1 provided complete answers while Complainant was unable to answer all of the interview questions; Selectee 1 was better prepared for the interview; Selectee 1 was able to articulate her relative experience to the position better than Complainant; and Selectee 1 chose a variety of examples to illustrate her experience while Complainant relied on the same examples for each question. Agency's Motion for Summary Judgment, Ex. C. Other panel members agreed that Complainant was not as prepared for the interview as Selectee 1 and failed to fully answer the interview questions. ROI, at 131-32, 145. As a result, Complainant was ranked third of the three candidates and was not selected.

With regard to claim (2), SO-2 asserted that Complainant was not the best qualified candidate for the position because other applicants demonstrated more knowledge and experience with medical coding, the VERA program, and data analytics than Complainant. ROI, at 159. SO-2 noted that Complainant failed to fully answer questions during his interview. Id. at 159-60. By contrast, selection panelists confirmed that Selectee 2 answered the interview questions accurately, showed that she had a deep insight into the qualifications of the position, and demonstrated that she had extensive experience with coding and auditing of medical coding.

5                                                              0120141468

Id. at 172, 130.  As a result, Complainant was ranked seventh of the eight candidates and was not selected.

Complainant now bears the burden of establishing that the Agency's stated reasons are merely a pretext for discrimination.  EEOC Request No. 05960403 (Dec. 6, 1996).  Complainant can do this directly by showing that the Agency's proffered explanation is unworthy of credence. Tx. Dep't of Cmty. Affairs v. Burdine, 450 U.S. at 256.  One way Complainant can establish pretext is by showing that his qualifications are observably superior to those of the selectee. Bauer v. Bailar, 647 F.2d 1043, 1043 (10th Cir. 1931).  This is simply one method and is not the only way Complainant may establish pretext as to his non-selection claim.

The Commission finds that Complainant failed to show that his qualifications for the position were plainly superior to those of the selectees.  In this case, the selectees had attributes that justified their selection, and the selection officials involved all affirmed that they believed that the selectees were better equipped to meet the Agency's needs.  In the absence of evidence of unlawful discrimination, the Commission will not second guess the Agency's assessment of the candidates' qualifications.  Tx. Dept. of Cmty. Affairs v. Burdine, 450 U.S. at 259.

As Complainant chose to withdraw his request for a hearing, the Commission does not have the benefit of an Administrative Judge's credibility determinations after a hearing.  Therefore, the Commission can only evaluate the facts based on the weight of the evidence presented. The Commission finds that the record lacks evidence that the Agency's selections or the selection processes were tainted by discriminatory or retaliatory animus.  At all times, the ultimate burden remains with Complainant to demonstrate by a preponderance of the evidence that the Agency's reasons were not the real reasons and that discriminatory or retaliatory animus was a factor in its actions.  Complainant failed to carry this burden.  As a result, the Commission finds that Complainant has not established that he was subjected to discrimination or reprisal as alleged

CONCLUSION

After a review of the record in its entirety, including consideration of all statements submitted on appeal, it is the decision of the Equal Employment Opportunity Commission to AFFIRM the Agency's final decision because the preponderance of the evidence of record does not establish that discrimination occurred.

7                                          0120141468

## RIGHT TO REQUEST COUNSEL (Z0315)

If you want to file a civil action but cannot pay the fees, costs, or security to do so, you may request permission from the court to proceed with the civil action without paying these fees or costs. Similarly, if you cannot afford an attorney to represent you in the civil action, you may request the court to appoint an attorney for you. You must submit the requests for waiver of court costs or appointment of an attorney directly to the court, not the Commission. The court has the sole discretion to grant or deny these types of requests. Such requests do not alter the time limits for filing a civil action (please read the paragraph titled Complainant's Right to File a Civil Action for the specific time limits).

FOR THE COMMISSION:

Carlton M. Hadden, Director
Office of Federal Operations

Which court
contact info.

April 29, 2016
Date

8                                              0120141468

## CERTIFICATE OF MAILING

For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed.  I certify that this decision was mailed to the following recipients on the date below:

Craig Blanchard
5631 Hwy 16 East
Elkins, AR  72727

John Durishan, Esq.
22 - 7th St
Atlanta, GA  30303

Deborah K. McCallum (024)
Assistant General Counsel
Office of General Counsel
310 Vermont Ave., N.W.
Washington, DC 20420

Catherine C. Mitrano, Deputy Assistant Secretary, Resolution Management
Office of Resolution Management (03D)
Department of Veterans Affairs
310 Vermont Ave., NW
Washington, DC  20420

_April 29, 2016_
Date

_____
Compliance and Control Division

*April 30*

*May 31*
*June 30*
*July 29*
*90*

*Start 5/4*

*Mellville Response do Not Representing 5/25/16 Cut My Chance Of finding Representation to 60 days... Est.*