IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**CRAIG ALLEN BLANCHARD, MBA**                                    **PLAINTIFF**

**V.**                                    **CASE NO. 16-CV-05189**

**ROBERT A. MCDONALD, Secretary,**
**Department of Veteran's Affairs, Agency,**
**KENNETH ELSER, US Attorney, Western**
**District of Arkansas, UNITED STATES**
**ATTORNEY GENERAL**                                    **DEFENDANTS**

## OPINION AND ORDER

Plaintiff, Craig Allen Blanchard ("Blanchard") commenced this proceeding by filing a *pro se* Complaint (Doc. 1), pursuant to Title VII of the Civil Rights Act of 1964 and the Rehabilitation Act. As Plaintiff is proceeding *in forma pauperis*, the Court is obligated to screen the case prior to service of process being issued. *See* 28 U.S.C. §1915(e)(2). The Court must dismiss a complaint, or any portion of it, if it: (a) contains claims that are frivolous or malicious; (b) fails to state a claim upon which relief may be granted; or (c) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded, . . . to less stringent standards than formal

1

pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

Plaintiff, who is a paraplegic, contends he was discriminated and retaliated against because of his disability "when the Agency failed to select Complainant for the Budget Analyst [position]" and "failed to select Complaint [sic] for the position of Veterans Equitable Resource Allocation Program Analyst," in violation of Title VII of the Civil Rights Act of 1964, and section 501 of the Rehabilitation Act of 1973. (Doc. 1, p. 4). "[T]itle VII only prohibits discrimination on the basis of race, color, religion, sex, or national origin, not disability." *Kelso v. Munter,* 2010 WL 5092712, at *2 (W.D. Mo. Dec. 7, 2010) (referencing 42 U.S.C. § 2000e-2(a)(1)). Accordingly, Plaintiff cannot state a claim for relief under Title VII for disability discrimination, and the Title VII claim should, therefore, be dismissed.

As to Plaintiff's Rehabilitation Act claims, he has named as Defendants Robert A. McDonald, Secretary of the Department of Veteran's Affairs; Kenneth Elser, United States Attorney for the Western District of Arkansas; and the United States Attorney General. (Doc. 1, p.1). The only proper Defendant is McDonald. *See Hamilton v. Nicholson*, 2007 WL 1340968, at *3 (D. Neb. Mar. 12, 2007). Therefore, Defendants Kenneth Elser and the United States Attorney General are dismissed.

**IT IS THEREFORE ORDERED** that Plaintiff's Title VII claim is dismissed without prejudice, and Defendants Kenneth Elser and the United States Attorney General are also dismissed as Defendants to this action.

**IT IS SO ORDERED** on this____ day of August, 2016.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE

3