IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**CRAIG ALLEN BLANCHARD, MBA**                                              **PLAINTIFF**

v.                                          Case No. 16-CV-05189

**ROBERT A. MCDONALD, Secretary**
**Department of Veteran's Affairs, Agency**                                **DEFENDANT**

## OPINION AND ORDER

Plaintiff Craig Allen Blanchard, proceeding *pro se*, has filed a letter (Doc. 16) that can be construed as either a notice of appeal or a motion for reconsideration of this Court's screening order (Doc. 12), which dismissed Mr. Blanchard's claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), but allowed his claims to proceed under the Rehabilitation Act of 1973 ("the Rehabilitation Act"). For the following reasons, the letter will be treated as a motion for reconsideration and is **DENIED.**

Federal Courts of Appeals only have jurisdiction to hear a "final decision[]" of district courts." 28 U.S.C. § 1292(b). Interlocutory orders, such as this Court's screening order, "may not be appealed unless it includes the grant or denial of an injunction, § 1292(a)(1); or the district court has certified a controlling issue of law under § 1292(b); or the court has directed entry of a partial final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure; or the order is appealable as a final order under the judicially created collateral order doctrine." *Borntrager v. Cent. States, Se. & Sw. Areas Pension Fund*, 425 F.3d 1087, 1090 (8th Cir. 2005).

There has not been a final decision in this case, as Mr. Blanchard's claims under the Rehabilitation Act have not been dismissed and are proceeding. Moreover, an injunction has not been granted or denied, nor has the Court certified a controlling issue

1

of law, or directed entry of a partial final judgment pursuant to Rule 54(b). Likewise, the order is not appealable as a final order under the judicially created collateral order doctrine. Thus, since Mr. Blanchard cannot appeal the order dismissing his Title VII claims at this time, this Court will treat his letter as a motion for reconsideration.

A motion for reconsideration in this context would be governed by Rule 59(e) or 60(b) of the Federal Rules of Civil Procedure. "Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence." *Lowry ex rel. Crow v. Watson Chapel Sch. Dist.*, 540 F.3d 752, 761 (8th Cir. 2008) (quoting *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir.2006) (internal citations and quotations omitted)). Rule 60(b) provides that a party may be relieved from an order of the Court under certain enumerated circumstances, including the existence of "mistake, inadvertence, surprise, or excusable neglect" or "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1) and (6). Furthermore, Rule 60(b) "provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *United States v. Young*, 806 F.2d 805, 806 (8th Cir. 1986).

Mr. Blanchard only raises one legal argument as to why this Court should reconsider its previous order dismissing his Title VII claims. This argument is that 42 U.S.C.A. § 1981a provides him with a legal mechanism to assert a separate Title VII claim for disability discrimination, based on his claim that he was passed over for two separate jobs because he is a paraplegic. However, 42 U.S.C.A. § 1981a does not create an independent cause of action, but merely provides a possibility of recovery of both compensatory and punitive damages for a plaintiff who successfully proves

intentional violations of Title VII, the Americans with Disabilities Act of 1990, or section 501 of the Rehabilitation Act. In other words, 42 U.S.C.A. § 1981a does not create a path for one to sue under Title VII; it only provides a way to recover damages once one has proven intentional discrimination under Title VII, the ADA, or the Rehabilitation Act. It appears that Mr. Blanchard is under the impression that this Court's previous order foreclosed his ability to recover under 42 U.S.C.A. § 1981a. This is not the case. Mr. Blanchard's claims under the Rehabilitation Act were not dismissed and are proceeding, and if he prevails at summary judgment or trial, he will be eligible to recover compensatory and punitive damages under 42 U.S.C.A. § 1981a. Since there are no new facts that have been brought to the Court's attention, and Mr. Blanchard's sole legal argument is without merit, his motion for reconsideration (Doc. 16) is **DENIED.**

The Court will set a case management hearing soon after the Defendant answers or otherwise responds to the Complaint.

**IT IS SO ORDERED** on this 27th day of September, 2016.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE